# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STERICYCLE, INC., a Delaware corporation, )
                 Plaintiff, )
vs. )
PATRIOT ENVIRONMENTAL SERVICES, INC., )
                 Defendant. )

Case No. 2:16-cv-1861-APG-NJK

ORDER TRANSFERRING SUBPOENA-RELATED MOTION TO COMPEL

(Docket Nos. 2, 6)

Pending before the Court are Plaintiff Stericycle's Emergency Motion to Compel Defendant Patriot Environmental Services, Inc. to Produce Certain Documents and Computer Devices in Response to a Nonparty Subpoena Issued in a Related Proceeding in the Northern District of Illinois ("Motion to Compel"), and Plaintiff's Emergency Motion to Transfer its Motion to Compel to the Northern District of Illinois ("Motion to Transfer"). Docket Nos. 2, 6. Defendant Patriot Environmental Services ("Patriot") filed a response in opposition to both motions and Plaintiff ("Stericycle") filed a reply. Docket Nos. 23, 32. For the reasons stated below, the Court hereby **GRANTS** Stericycle's Motion to Transfer. Accordingly, the Court **ORDERS** that Stericycle's Motion to Compel be transferred to the Northern District of Illinois.

## I. BACKGROUND

In May 2016, Stericycle served a subpoena on Patriot pursuant to Rule 45.[1] *See, e.g.*, Docket No. 2, Exhibit 1. Stericycle served the subpoena in connection with a lawsuit that Stericycle had filed in the Northern District of Illinois. *See, e.g.*, Docket No 2 at 5.[2] The subpoena requires that Patriot comply with it in the Northern District of Illinois. Docket No. 2, Exhibit 1. Patriot is not a defendant in the Illinois case, but rather possesses documents, tangible items, and information that Stericycle initially attempted to obtain from the defendants in that case. Docket No. 2 at 10-11. Stericycle alleges that Patriot refused to comply with the subpoena. *Id.* at 11-12. As a result, Stericycle filed a motion to compel Patriot's compliance with the subpoena in the Central District of California, where Patriot is headquartered. *Id.* at 12. Stericycle later voluntarily suspended its efforts to seek enforcement of the subpoena in the Central District of California. *Id.* at 14. Stericycle then filed the Motion to Compel and Motion to Transfer at issue here. *See* Docket No. 2 at 11-14.

## II. MAGISTRATE JUDGE AUTHORITY

The pending motions have been referred to the undersigned magistrate judge. Before turning to the merits of the pending motions, the Court evaluates its authority to decide them. The authority of the undersigned magistrate judge is derived from 28 U.S.C. § 636, which generally provides magistrate judges with the authority to "hear and determine" non-dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013). By contrast, dispositive matters are sometimes referred to magistrate judges, but in those circumstances a magistrate judge submits a recommendation to the assigned district judge that is subject to the district judge's *de novo* review. *See* 28 U.S.C. § 636(b)(1)(B); *see also CMKM Diamonds*, 729 F.3d at 1259-60.

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

[2] Given the manner in which the briefs were filed on the docket, at times the pagination assigned by the parties differs by the pagination assigned by the CM/ECF system. The Court's citations refer to the pagination assigned by the CM/ECF system.

The pending dispute falls within the gambit of non-dispositive matters properly determined by a magistrate judge. Magistrate judges are frequently tasked with resolving discovery disputes. *See, e.g.*, *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 448 (C.D. Cal. 2007). More particularly, ruling on a request to transfer subpoena-related motions to another court is within the provision of a magistrate judge's authority under Section 636(b)(1)(A). *See Chem-Aqua, Inc. v. Nalco Co.*, 2014 WL 2645999, *1 (N.D. Tex. June 13, 2014); *see also Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 n.1 (S.D. Cal. 2013) (collecting cases for transfers under 28 U.S.C. § 1404(a)). That subpoena-related motions come before the court in the context of a miscellaneous action based entirely on the disputed subpoenas does not alter that conclusion, even though the magistrate judge's resolution of the motions may be dispositive of the miscellaneous action. *Feist v. RCN Corp.*, 2012 WL 4835038, *1 (N.D. Cal. Oct. 4, 2012). Accordingly, the undersigned has the authority to resolve the subpoena-related dispute currently pending before the Court.

## II. THE MOTIONS

Stericycle's Motion to Compel describes its discovery dispute with Patriot at length and argues that the Court should compel Patriot to comply with the subpoena. *See generally* Docket No. 2. The Motion to Compel fails to address this Court's jurisdiction to resolve a motion related to a subpoena that requires compliance in Illinois. *See generally* Docket No. 2. Stericycle's subsequent Motion to Transfer slightly changes course, arguing that this Court should transfer its Motion to Compel to the Northern District of Illinois. *See, e.g.*, Docket No. 2 at 6.

Patriot responds that this Court is not the court where compliance with the subpoena is required, as the subpoena requires compliance in the Northern District of Illinois. Docket No. 23 at 14. Therefore, Patriot argues, this Court does not have jurisdiction under Rule 45(d) to enforce Plaintiff's Motion to Compel. *Id.* Patriot presents no argument as to why this Court should *not* transfer Stericycle's Motion to Compel to the Northern District of Illinois. *See generally* Docket No. 23. Indeed, Patriot appears to assert that the Northern District of Illinois is the correct forum in which to resolve the Motion to Compel. *See id.* at 14-16.

Stericycle replies that this Court should grant its Motion to Transfer. Docket No. 32 at 5.

Specifically, Stericycle argues that the Northern District of Illinois will have the jurisdiction to modify the subpoena as necessary, and to enforce it. *Id.*

In essence, both parties agree that the Northern District of Illinois is the appropriate forum in which to resolve Stericycle's Motion to Compel. Additionally, this Court does not have jurisdiction to resolve Stericycle's Motion to Compel because the District of Nevada is not "the court for the district where compliance is required." *See* Rule 45(d); *see also Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, at *4-5 (D. Nev. Aug. 15, 2014) (finding no jurisdiction under Rule 45 to resolve subpoena-related motions and relying on 28 U.S.C. § 1631 to transfer those motions to the court in the district where compliance was required).

Accordingly, the Court **GRANTS** Stericycle's Motion to Transfer. Docket No. 6. The Court **ORDERS** that Stericycle's Motion to Compel, Docket No. 2, be transferred to the Northern District of Illinois. The Court further **INSTRUCTS** the Clerk's Office to administratively close this action.

IT IS SO ORDERED.

NANCY J. KOPPE
United States Magistrate Judge

Dated: August 25, 2016